SAWYER SPINDLE Co. *v.* BUTTRICK *et al.*

*(Circuit Court, D. Massachusetts.* February 23, 1889.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SPINDLES.

The object of the invention described in letters patent No. 264,054, issued September 12, 1882, to George H. Allen, is to provide means for a loaded or unbalanced spindle to move at its lower end to find its true center of rotation, and thus avoid the effects of gyration; and claim 1 is for the spindle, supporting tube, bolster tube, and step fitted loosely into the bolster tube, and adapted to receive within it the end of the spindle, combined with the pin, also to hold the step loosely. The pin prevents the step from rotating with the spindle, but allows it to move in the bolster tube, as the foot of the spindle travels to find its true center of rotation. *Held* infringed by a device which has in place of the pin a spring, one end bearing against a shoulder on the step, and the other against a shoulder inside the supporting tube, and the upper section of the supporting tube of which operates the same as the bolster tube, though made of two metals,—iron and brass.

2. SAME—ANTICIPATION.

In the Mason patent of 1880, the step is not restrained from rotation. The object of the invention described in the Buttrick and Flanders patent of 1879 was to produce certain improvements in the surroundings of the spindle, so that it might be covered, protected, and kept in position while the step was removed and replaced, and might also be arrested at any time. There was no statement that the device was intended to increase the speed of the spindle, or to decrease its gyrations, and the step was not described as having a lateral movement. Neither invention was designed for use with a sleeve-whirl movement, as in the Allen patent. The Draper patent of January 31, 1882, does not show the pin and step. *Held* no anticipation.

In Equity.

Bill by the Sawyer Spindle Company against Charles G. Buttrick and others for the infringement of a patent.

*Chauncey Smith* and *Livermore & Fish,* for complainant.

*James E. Maynadier* and *James H. Young,* for defendants.

COLT, J. The bill of complaint alleges that the defendants have infringed letters patent No. 264,054, issued September 12, 1882, to George H. Allen for an improvement in spindle bearings. The object of the invention is to provide means whereby a loaded or unbalanced spindle may move at its lower end to find its true center of rotation, and thus avoid the effects due from gyration. The invention consists of a spindle and supporting tube, combined with a bolster tube located therein, a step placed loosely in the bolster tube, and a pin, fitting the step loosely,

to prevent it from rotating with the spindle, yet permitting the step to move in the bolster tube, as the foot of the spindle travels to find its true center of rotation. The present controversy is confined to the first claim of the patent, which is as follows:

"The spindle, supporting tube, bolster tube, and the step fitted loosely into the bolster tube, and adapted to receive within it the end of the spindle, combined with the pin, $f$, to also hold the step loosely, as and for the purposes set forth."

The invention is for an improvement on what are termed "self-centering" spindles. The characteristic of these spindles is that they have loose bearings, which yield to the spindle as it vibrates from side to side under the influence of an unbalanced load. The first spindle of this type which came into general use is found in the Rabbeth patent of May 4, 1880. Certain troubles were found incident to the Rabbeth device, owing to the fact that, when the spindle gyrated, the bolster moved with it, thus tending to tear the packing. The Allen patent is an improvement upon Rabbeth, and it consists in carrying the step up into the bolster tube, and adding the restraining devices to prevent the step from turning with the spindle. In his specification Allen states that he does not claim broadly a loose bolster tube held loosely by a pin, as that is shown and claimed in a prior application for a patent, filed by him April 19, 1882. The question before us is whether Exhibits Nos. 1 and 2, Buttrick and Flanders spindle, contain the combination of devices set forth in the first claim of the Allen patent. In place of the pin, $f$, in the Allen device, the defendants have substituted a spring for the purpose of restraining the revolution of the step. One end of this spring bears against a shoulder on the step, and the other end against a shoulder on the inside of the supporting tube. This spring performs the same duty as the pin, though it may also perform other duties. A pin or a spring is commonly used to restrain the rotation of rods in various contrivances, and they may be said to be the equivalents of each other. Again, the defendants deny that the upper section of what they term the "supporting tube" is in fact the bolster tube of Allen. But this is not made out, because this upper section is a bolster tube, and operates the same as Allen's. The fact that the defendants' bolster tube is made of two metals,—one iron and the other brass,—can make no difference; nor does it make the brass lining of the tube the bolster tube, as contended for by the defendants, because both metals constitute but one tube. I find in defendants' contrivance, *first*, a spindle; *second*, a supporting tube; *third*, a bolster tube fast in the supporting tube; *fourth*, a step fitted loosely into the bolster tube, and having a bore in it to receive the end of the spindle; and, *fifth*, the spring and its shoulders to hold the step loosely, the latter being the equivalent of the pin and holes of the Allen device; and therefore it seems to me clear that the defendants infringe the first claim of the Allen patent.

There is nothing in the prior art which serves to protect the defendants from this charge. In the Mason patent of 1880 the step is not restrained from rotation. The object of the Buttrick and Flanders 1879

patent was to produce certain improvements in the surroundings and bearings of the spindle by means of which it might be covered, protected, and kept in its position, while the step is removed and replaced for any purpose, and might also be arrested at any time in its motion when desired. There is no statement that the device was intended to increase the speed of the spindles, or to decrease their gyrations. The step is not described as having a lateral movement. Neither the Mason, nor the Buttrick and Flanders structures, are designed for use with a sleeve-whirl spindle of the Allen class. The Draper patent of January 31, 1882, does not show the pin and step of Allen, and is clearly, therefore, not an anticipation. Decree for complainants.